134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter Steve SCOTT, Plaintiff-Appellant,
v.
Dr. Mohamed LAMEER, M.D.; Dr. Robert Johnson, M.D.,
Defendants-Appellees.
 No. 96-56792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter Steve Scott:, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must establish that the delay led to further injury. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Allegations of medical malpractice and gross negligence are insufficient to establish deliberate indifference. See Estelle, 429 U.S. at 106; Wood, 900 F.2d at 1334.
 
 
 4
 Here, defendant Johnson examined Scott when Scott complained of pain from a rod placed in his leg in 1989. Johnson referred Scott to defendant Lameer for an orthopedic consultation. Lameer recommended that the rod be removed and, five months later, Johnson approved this request. On three occasions, Lameer scheduled the surgery, but each surgery had to be cancelled because Lameer was unable to secure the specialized extraction tools he needed to perform the surgery. On the fourth attempt at Scott's surgery, Lameer did not discover until after he had made an incision that he had been provided with the incorrect tools. On the fifth attempt, Lameer successfully removed the rod from Scott's leg. While Scott waited for surgery, he was given pain medication by prison officials. Scott testified in his deposition that he has experienced no disfigurement as a result of the surgery, that he has full use of his leg, and that he only experiences pain in his leg when it is extremely cold.
 
 
 5
 Upon our review of the record, we conclude that the district court did not err by granting summary judgment for defendants on Scott's Eighth Amendment claims. See McGuckin, 974 F.2d at 1060-62; Wood, 900 F.2d at 1334-35.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3